In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-3389

RAYMOND E. KING,

*Petitioner-Appellant,*

*v.*

RANDY PFISTER, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:11-cv-01155 — **Sara Darrow**, *Judge.*

ARGUED JANUARY 5, 2016 — DECIDED AUGUST 24, 2016

Before WOOD, *Chief Judge,* and KANNE and ROVNER, *Circuit Judges.*

KANNE, *Circuit Judge.* In 2004, Petitioner Raymond King was convicted by a jury of first-degree murder. He was sentenced by the state trial court to life imprisonment. The trial court judge that presided over King's trial and sentencing had represented King over fifteen years prior as an assistant public defender.

King appealed his conviction and sentence, which were affirmed on direct appeal and denied review by the Illinois Supreme Court. King then filed for post-conviction relief, which was dismissed by the trial court, affirmed on appeal, and denied review by the Illinois Supreme Court.

Subsequently, King petitioned for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in federal district court, which was denied.

On appeal, King argues that his trial and appellate counsel were ineffective under *Strickland. v. Washington*, 466 U.S. 668 (1984), because they did not seek substitution of the trial court judge. In doing so, he challenges the Illinois Appellate Court's decision in *People v. King*, No. 03-08-0875, slip op. (Ill. App. Ct. June 21, 2010), which was the last state court to address his claims on the merits. We affirm.

## I. BACKGROUND

On September 7, 2002, Nina Buckner was found brutally murdered in her home. Her head had been smashed with a hammer, and she had suffered multiple cuts and broken bones. A blue backpack was found near Buckner's home, containing her purse, her identification, and a bloody hammer and knife. Forensic testing confirmed that the blood on the hammer and knife belonged to Buckner, and the blood was also found on King's clothes. Buckner's neighbors reported seeing King near Buckner's home with a blue backpack on the night of Buckner's murder. When questioned by police, King gave multiple, very different, versions of his actions during the night of Buckner's murder. King was eventually charged with the first-degree murder.

*A. Trial and Direct Appeal*

King's case was assigned to Judge Michael E. Brandt on September 17, 2002. Two days later, King first appeared before the trial court, represented by counsel.

Prior to trial, while represented by counsel, King engaged in several *pro se* actions. He wrote two *pro se* letters to the trial court, on January 29, 2003, and April 27, 2003, complaining about the defense counsel's unavailability to discuss the case. Also, on October 2, 2003, King filed a *pro se* motion for change of venue, arguing that the trial judge was prejudiced because he had represented King in connection with a prior criminal conviction. This motion was not heard prior to trial. Finally, King wrote a *pro se* letter, dated November 24, 2003, to the "Chief Judge" stating that he had been repeatedly denied the chance to have "several motion [sic] filed and heard."

Following a jury trial, King was convicted of first-degree murder on June 1, 2004. Afterwards, King, represented by counsel, filed a motion for a new trial. Additionally, on June 29, 2004, King filed a *pro se* motion for a new trial, alleging ineffective assistance of trial counsel because of a failure to object to evidence involving a crime that King had been charged with but was then acquitted of at trial.

On August 12, 2004, the trial court conducted King's sentencing hearing. The trial court began by denying the motions for a new trial. The trial court then commented on King's *pro se* motion for change of venue, noting that it was not timely, not supported by an affidavit, and not noticed for hearing. The trial court declared that it "hardly" recalled representing King in the 1986 case:

> [U]pon reviewing that motion [for change of venue], after reviewing the common law record in preparation for sentencing here, the Court went back to [the 1986 case] and reviewed it to determine if it refreshed my recollection on even representing him. It hardly did. It was quite some time ago. Like [present defense counsel], I was acting as public defender. It looks as if I was his third public defender in that particular case. It proceeded to trial. The defendant was acquitted of home invasion, found guilty of armed violence. He appealed his conviction. That was affirmed by the Appellate Court.

(Sent. Tr. 14–15, Aug. 12, 2004.) Next, after reading the factual background from the appellate opinion affirming King's conviction, the court observed:

> Similarities are chilling. Of course, the facts therein even independently if one did not delve into the particular facts of [the 1986 case] … the Court has outlined, the prior convictions in this case, the necessity to deter others, and the necessity to protect the public from Mr. King is clear.

(*Id.* at 18.) Ultimately, the trial court sentenced King to life imprisonment.

King appealed, represented by appointed counsel. On direct appeal, King did not raise a claim of ineffective assistance of trial counsel for not filing a motion to substitute the trial court. The Illinois Appellate Court affirmed his conviction and sentence. King filed a *pro se* petition for leave to appeal to the Illinois Supreme Court, which was denied.

### B. *Post-Conviction Proceedings*

On March 28, 2007, King filed a *pro se* post-conviction petition, 725 ILCS 5/122-1 *et seq.*, alleging that his trial counsel and appellate counsel provided ineffective assistance by failing to "litigate a claim" to substitute the trial judge. In response, the State moved to dismiss the post-conviction petition, and the trial court granted the State's motion on October 24, 2008.

King appealed, represented by the state appellate defender's office. On appeal, King renewed his argument that his trial and appellate counsel provided ineffective assistance by failing to "litigate a claim" to substitute the trial judge.

On June 2, 2010, the Illinois Appellate Court affirmed the trial court's dismissal of King's post-conviction petition in *People v. King*, No. 03-08-0875. The appellate court began by reciting *Strickland*'s two-pronged standard of performance and prejudice. Turning to the prejudice prong, the appellate court held that under Illinois law, to warrant substitution of a judge for cause, the defendant must demonstrate "that the judge assigned to his case harbors actual prejudice," which requires establishing "animosity, hostility, ill will, or distrust towards this [particular] defendant." *People v. King*, No. 03-08-0875, at 5 (alteration in original and internal quotation marks omitted). Then, the appellate court summarized King's allegations—that during the trial judge's previous representation of King, he had failed to call certain witnesses or raise certain objections, he had ignored King, and he did not have a good attorney/client relationship with King. *Id.* In conclusion, the appellate court held that King could not establish "animosity, hostility, ill will, or distrust" because his

allegations were "merely conclusory and lack[ed] any factual basis." *Id.*

Afterwards, King filed a *pro se* petition for leave to appeal, again renewing his claim that trial and appellate counsel were ineffective for failing to pursue substitution of the trial judge. The Illinois Supreme Court denied review on September 13, 2010.

### C.  *Federal Habeas Proceedings*

On March 16, 2011, King petitioned the district court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the Northern District of Illinois. The case was then properly transferred to the Central District of Illinois. In his petition, King asserted numerous claims of ineffective assistance by his trial counsel, his appellate counsel, and his post-conviction trial counsel.

On September 29, 2014, the district court denied King's § 2254 petition. The district court began by finding that King had procedurally defaulted all of his claims, except Claim 2, which alleged "that his trial counsel was ineffective because he failed to file a motion under Illinois law to substitute the trial judge for bias and his appellate counsel failed to make this argument on appeal." (R. 23 at 11.) Next, the district court found that the Illinois Appellate Court's decision in *People v. King* was not contrary to Supreme Court precedent because King "does not point to any other specific ruling nor does he allege that the Illinois courts overlooked any evidence of prejudice or misunderstood his arguments." (*Id.* at 16–17.) Finally, the district court rejected King's attempt to characterize his ineffective assistance claim as based on federal due process, finding that this claim was "procedurally

defaulted." *(Id.* at 17–19.) Accordingly, the district court certified only Claim 2 for appeal. King appealed.

## II. ANALYSIS

We review *de novo* the district court's denial of a habeas petition. *Dansberry v. Pfister*, 801 F.3d 863, 866 (7th Cir. 2015).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a federal court may issue a writ of habeas corpus only if the decision of the last state court to examine the merits of the petitioner's claim: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This court's review of a state-court decision under § 2254(d) is "highly deferential" under a standard that is "difficult to meet." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted); *see also Makiel v. Butler*, 782 F.3d 882, 896 (7th Cir. 2015).

On appeal, King argues that the Illinois Appellate Court's decision in *People v. King* was "contrary to or involved an unreasonable application of" the Supreme Court's decision in *Strickland.* Under *Strickland,* to show ineffective assistance, in violation of the Sixth Amendment, a defendant must prove (1) that his counsel's performance "fell below an objective standard of reasonableness" and (2) that he suffered prejudice such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687–88, 694.

Moreover, the Supreme Court has held that, for a habeas petitioner advancing a claim of ineffective assistance that was decided on the merits in state court, "relief may be granted only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by *Strickland*," and this is a "doubly deferential" standard of review. *Knowles v. Mirzayance*, 556 U.S. 111, 122–23 (2009).

We begin with King's claim of ineffective assistance for failing to seek substitution of the trial court under state law, which was addressed in *People v. King*, and then we turn to his ineffective assistance claim for failing to seek substitution of the trial court based on federal due process.

*A.  Ineffective Assistance Claims based on State Law*

As an initial matter, King attempts to dispute the factual findings underlying the appellate court's decision in *People v. King*, asserting that he and the trial court had a "poor attorney-client relationship." (Appellant Br. 3, 13–14.) The appellate court had deemed these assertions "unsubstantiated," and King does not present any additional evidence to support them. Therefore, we easily conclude that King does not provide "clear and convincing" evidence of an unreasonable determination of the facts to rebut the appellate court's factual findings. *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) (quoting § 2254(e)(1)).

Nor can King show that the appellate court unreasonably applied "clearly established" federal law because the appellate court's decision was based on a resolution of state law, not federal law. It is well-established that on habeas review, a federal court cannot disagree with a state court's resolution

of an issue of state law. *See*, *e.g.*, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62 , 67–68 (1991).

In *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016), this court affirmed the denial of a § 2254 petition filed by a defendant convicted of child molestation who received a 120-year aggregate sentence in state court. In *Miller*, the defendant raised a collateral challenge in state court that his direct appellate counsel was ineffective for failing to contest the length of his sentence. In response, the state appellate court held that the defendant could not demonstrate prejudice under *Strickland* because if the appellate counsel had raised this sentence-length challenge, the "chance of success was zero" under the state-law standard. *Id.* at 276. On habeas review, this court held that the state appellate court's decision "was not based on federal law at all. … It rests on a conclusion that, as a matter of *state* law, it would have been futile to contest the sentence's length on appeal." *Id.* at 277. And because "[a] federal court cannot disagree with a state court's resolution of an issue of state law," the *Miller* court affirmed the denial of the defendant's § 2254 petition. *Id.*

The same principle that governed *Miller* controls the present case. In *People v. King*, the appellate court held that King could not demonstrate prejudice under *Strickland* because if his trial or appellate counsel had litigated his "unsubstantiated allegations" under 725 ILCS 5/114-5(d), the challenge would have been unsuccessful under the Illinois substantive standard, which required that "the judge assigned to his case harbors actual prejudice" such that there was "animosity, hostility, ill will, or distrust towards this [specific] defendant." No. 03-08-0875 at 5 (citing *People v. Patterson*, 735 N.E.2d 616, 638 (Ill. 2000)). In other words, the appellate

court's decision "rests on a conclusion that, as a matter of *state* law, it would have been futile" for King's trial or appellate counsel to raise such a claim. *Miller*, 820 F.3d at 277. And similar to *Miller*, we cannot disturb the appellate court's decision because a "federal court cannot disagree with a state court's resolution of an issue of state law" in the context of habeas review. *Id.* At best, King can contend that the appellate court misinterpreted or misapplied Illinois state law. However, this contention is meritless because this court has expressly held that a "claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. A federal court may not issue the writ on the basis of a perceived error of state law." *Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991) (internal quotation marks omitted).

King also contends that his trial and appellate counsel were ineffective based on 725 ILCS 5/114-5(a), which grants the defendant the right to an automatic substitution of the judge if the motion is filed within 10 days after the case is filed. The appellate court never adjudicated this theory and therefore did not interpret state law at all. As such, we review this point *de novo*. *See Rompilla v. Beard*, 545 U.S. 374, 390 (2005). King, however, still cannot prevail. Even if King's counsel performed deficiently in failing to pursue automatic substitution under Section 5/114-5(a), nothing in this record shows that King was prejudiced by counsel's inattention. King can show prejudice only if he demonstrates that the judge who heard his case was biased. In order to do that, he must overcome "a presumption of honesty and integrity in those serving as adjudicators." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Nothing indicates that the trial court was biased against King; to the contrary, the record shows that the

judge had no independent recollection of him one way or the other. Furthermore, the evidence against King was overwhelming. Hence, King can show no prejudice from counsel's failure to file a motion under Section 5/114-5(a).[1]

Accordingly, King's claim of ineffective assistance based on a failure to seek substitution of the trial court under state law is without merit.

### B. Ineffective Assistance Based on Federal Due Process

Next, to the extent that King raises a claim of ineffective assistance by his trial and appellate counsel for failing to raise a challenge to the trial court based on federal due process grounds, it is procedurally barred.

"An application for a writ of habeas corpus on behalf of a person in custody … shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts. *Lewis v.*

---

[1] Additionally, as part of his ineffective assistance claim, King references Illinois Supreme Court Rule 63, which provides that a judge shall disqualify himself if his "impartiality might reasonably questioned." (Appellant Br. 23.) The appellate court also left this point unaddressed. However, aside from mentioning the rule itself, King fails to develop any argument that establishes it as a basis for ineffective assistance, and therefore, we consider this point waived. *Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013) ("even arguments that have been raised may still be waived on appeal if they are underdeveloped, conclusory, or unsupported by law"). And even if King had not waived this point, he cannot show that his counsel's failure to raise Rule 63 prejudiced him, similar to his theory under Section 5/114-5(a).

*Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citation omitted). Fair presentment requires assertion of a federal claim through "one complete round of state-court review," which means that "the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025–26 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* at 1026 (citing *Boerckel*, 526 U.S. at 838–49).

Here, King did not "fairly present" a claim of ineffective assistance based on federal due process in a complete round of state court review. If "liberally construe[d]," it appears that King raised this claim in his *pro se* post-conviction petition. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). However, King failed to assert this claim in his post-conviction appellate brief, filed with representation, and his *pro se* petition for leave to appeal. Therefore, he did not assert this claim in "one complete round of state-court review," *Lewis*, 390 F.3d at 1025, and it is procedurally defaulted.

### III. CONCLUSION

For the foregoing reasons, the district court's denial of King's petition for a writ of habeas corpus is AFFIRMED.