In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2276

CHAS HARPER,

*Petitioner-Appellant*,

*v.*

RICHARD BROWN,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:14-cv-0306-WTL-MJD — **William T. Lawrence**, *Judge*.

ARGUED SEPTEMBER 28, 2016 — DECIDED JULY 31, 2017

Before KANNE, SYKES, and HAMILTON, *Circuit Judges*.

SYKES, *Circuit Judge*. Chas Harper, an Indiana prisoner, seeks habeas relief under 28 U.S.C. § 2254 claiming that his attorney on direct appeal was constitutionally ineffective because he failed to adequately develop an argument that Harper's sentence warranted revision under Rule 7(B) of the Indiana Rules of Appellate Procedure. Because the argument was underdeveloped, the state appellate court deemed it waived. The court later rejected Harper's claim on postcon-

viction review that the waiver amounted to ineffective assistance of counsel. Applying the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), the court held that Harper was not prejudiced by the waiver because his sentence was appropriate under state law, so a well-developed Rule 7(B) argument would have failed.

Harper challenges that ruling under § 2254, but his argument is really an attack on the state court's resolution of a question of *state* law embedded within its analysis of a *Strickland* claim. Federal courts are not empowered to review questions of state law under § 2254. Because the state court reasonably applied the *Strickland* standard, we affirm the district court's denial of § 2254 relief.

## I. Background

In October 2007 police in North Vernon, Indiana, were tipped off by an informant that Harper had drugs in his home. Officers obtained and executed a search warrant at the home and recovered a lockbox containing a stolen firearm, 109.9 grams of methamphetamine, a digital scale, plastic baggies, and 0.61 grams of heroin in small foil packages. They also located a video surveillance system that relayed a live transmission of anyone who approached the front door.

Harper was charged by state prosecutors with dealing methamphetamine and heroin and receiving stolen property. At trial the prosecution introduced evidence that the methamphetamine recovered from his home was worth more than $10,000—enough meth for approximately 400 individual uses. The small quantity of heroin was worth between $200 and $300. The jury convicted him on all counts.

Harper was charged as an habitual offender based on his prior felony convictions for burglary, battery on a minor, theft, and marijuana distribution. Harper's record also included three misdemeanor convictions, and his probation had been revoked three times. In a second phase of trial, the jury found that Harper committed the underlying crimes as an habitual offender, triggering an additional penalty under Indiana law.

On the methamphetamine conviction, Harper faced a minimum sentence of 20 years in prison, an advisory term of 30 years, and a maximum of 50 years. The sentencing range for the heroin conviction was 6 to 20 years, with an advisory term of 10 years. The range for the stolen-property conviction was 6 months to 3 years, with an advisory term of 18 months. The jury's habitual-offender finding allowed the judge to tack on additional prison time of one to three times the advisory sentence for the underlying offense to which the enhancement attached, not to exceed 30 years. In Harper's case the minimum and maximum terms for the enhancement were the same because it was attached to the methamphetamine charge, which carried an advisory term of 30 years.

At sentencing the judge noted a few mitigating factors in Harper's case—e.g., he had earned a GED and prison time would be a hardship on his dependent child—but concluded that the aggravating factors outweighed the mitigating factors. In particular, the judge emphasized the large quantity of methamphetamine involved (more than 30 times the amount required for a dealing charge), Harper's extensive criminal history, and his lack of gainful employment. The judge imposed a sentence of 40 years on the methampheta-

mine conviction, a concurrent term of 15 years on the heroin conviction, a consecutive term of 2 years for receiving stolen property, and a consecutive 30 years on the habitual-offender enhancement, for an aggregate sentence of 72 years.

On direct appeal Harper's attorney raised multiple claims of error, most of which are not relevant here. Regarding the 72-year prison term, appellate counsel urged the court to reduce the sentence using its discretionary authority under Indiana Appellate Rule 7(B).[1] The argument was cursory at best. Counsel's brief asserted only that the sentence was "inappropriate in light of the nature of the offense and the character of the offender" and cited Indiana cases holding that enhanced sentences must be based on circumstances indicating that the crime was committed in a particularly egregious manner.

The appellate court affirmed Harper's sentence. Regarding the Rule 7(B) argument, the court noted that Harper's "brief [was] devoid of an argument supported by cogent reasoning" and deemed the issue waived. One judge concurred in part and dissented in part, writing that Harper's Rule 7(B) argument was "sufficient, although perhaps barely so, to escape waiver." The dissenting judge would have reduced the sentence on the methamphetamine conviction from 40 years to the advisory 30-year term. The Indiana Supreme Court denied transfer.

---

[1] "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." IND. R. APP. P. 7(B).

Harper moved for state postconviction relief claiming ineffective assistance of appellate counsel relating to the waiver of the Rule 7(b) argument. The trial court denied relief. The appellate court affirmed, holding that the waiver was not prejudicial under *Strickland* because Harper's sentence was not inappropriate based on the large quantity of methamphetamine, his lengthy and serious criminal history, and other evidence indicating that he was a sophisticated drug dealer and not just an addict. In other words, a Rule 7(B) argument—had it been better developed—would have failed. The Indiana Supreme Court again denied transfer.

Harper petitioned for federal habeas review under § 2254. The district court denied relief, holding that the Indiana Court of Appeals reasonably applied *Strickland*.

## II. Analysis

Under the demanding standard of § 2254(d), Harper is not entitled to relief unless the state appellate court's decision was "contrary to or an unreasonable application of clearly established federal law—here the Sixth Amendment right of the accused to effective counsel as interpreted in *Strickland*." *Jones v. Calloway*, 842 F.3d 454, 463 (7th Cir. 2016) (internal quotation marks omitted). An "unreasonable" application of federal law is one "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Ward v. Neal*, 835 F.3d 698, 703 (7th Cir. 2016) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The familiar *Strickland* formula for evaluating claims of ineffective assistance of counsel considers whether counsel's

performance was deficient and whether that deficiency prejudiced the prisoner. 466 U.S. at 687–88. In the first step, the court asks "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. The assessment of prejudice considers whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The state appellate court assumed deficient performance and denied postconviction relief at the second step of the *Strickland* analysis, holding that the waiver of the Rule 7(B) issue was not prejudicial because the argument would have failed on the merits. The court determined that Harper's sentence was not inappropriate, so a discretionary revision under Rule 7(B) would not have been granted.

Harper argues that this decision was an unreasonable application of *Strickland*, but his claim is at bottom an attack on the state court's assessment of the merits of his Rule 7(B) argument. He takes issue with the court's characterization of the facts of his case and cites many Indiana cases in an effort to establish that the appellate court's decision was in error.

We recently rejected a mirror image of this argument in *Miller v. Zatecky*, 820 F.3d 275 (7th Cir. 2016). There, as here, an Indiana prisoner asserted that his appellate counsel's waiver of a Rule 7(B) argument amounted to constitutional ineffectiveness under *Strickland*. The Indiana Court of Appeals had concluded that the waiver was not prejudicial because even if the attorney had raised a Rule 7(B) argument, its "chance of success was zero." *Id.* at 276. We rejected the prisoner's claim that the state appellate court had unrea-

sonably applied federal law, noting that its "decision was not based on federal law at all" but instead "rest[ed] on a conclusion that, as a matter of *state* law, it would have been futile to contest the sentence's length on appeal, because … [the] sentence [was] not 'inappropriate in light of the nature of the offense and the character of the offender.'" *Id.* at 277.

The same is true here. The premise of the state court's *Strickland* ruling is its holding that Harper's sentence is appropriate, and so any Rule 7(B) argument would have failed. That's an application of Indiana law, and on § 2254 habeas review, we "cannot disagree with a state court's resolution of an issue of state law." *Id.* The district judge correctly denied § 2254 relief.

AFFIRMED.