**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 7, 2017
Decided February 2, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2091

| | |
|---|---|
| EVERETT M. SENNHOLZ,<br>*Petitioner-Appellant,* | Appeal from the United States District Court<br>for the Eastern District of Wisconsin. |
| *v.* | No. 2:16-cv-01267-WCG |
| DON STRAHOTA, Warden,<br>*Respondent-Appellee.* | William C. Griesbach,<br>*Chief Judge.* |

**O R D E R**

On September 6, 2013, following a four-day trial, a Wisconsin jury convicted Everett Sennholz of four counts of first-degree sexual assault of a child under thirteen. The circuit court judge sentenced him to twenty years' imprisonment. At trial, the State presented evidence that Sennholz assaulted his granddaughter, E.M., for whom he was a legal guardian, on four different occasions when she was between the ages of eight and twelve. E.M. did not report the abuse for twenty years, doing so only when she discovered that Sennholz was potentially abusing her younger cousin. In addition to E.M.'s testimony as to the assaults, the government produced evidence corroborating her claim, including a note that E.M. wrote to her friend when E.M. was fourteen recounting the abuse, the testimony of E.M.'s sister that she witnessed the abuse on two occasions, and a conversation that E.M. secretly recorded in which Sennholz appears to

admit to the abuse and to apologize for it and claim that he was seeking help so that he would not abuse others.

Following the conviction, Sennholz filed a motion for post-conviction relief, which the circuit court denied. The Wisconsin appellate court affirmed, and the Wisconsin Supreme Court denied review. Sennholz subsequently filed a habeas petition pursuant to 28 U.S.C. § 2254. He proceeded in the district court on two claims of ineffective assistance of counsel, and now appeals the district court's denial of that habeas petition.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief cannot be granted for persons in custody pursuant to a judgment of a state court unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sennholz argues that his attorney rendered ineffective assistance in failing to object to Detective Myles' testimony at trial, and in failing to object to comments made by the prosecutor in closing arguments. In order to demonstrate ineffective assistance of counsel, Sennholz must establish deficient performance and that prejudice resulted from it. *Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94 (1984). Deficient performance is established by showing that defense counsel's representation "fell below an objective standard of reasonableness," and for prejudice, he must demonstrate a reasonable probability—a probability sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different but for counsel's unprofessional errors. *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (inner quotations omitted). Under § 2254(d) of the AEDPA, however, the burden is even greater. As the *Harrington* Court recognized: "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105; *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). We consider his claims of ineffective assistance in turn.

First, he claims ineffective assistance based on his counsel's failure to object to the testimony of Detective Myles, who interviewed E.M. when she filed her complaint. Myles testified that when E.M. reported the assaults in 2010, he was initially in disbelief of her claims because of the passage of time since the alleged assaults. He then recounted that after further conversation with her, she "seemed very believable, very truthful, and genuinely upset" and an investigation was pursued. *Sennholz v. Strahota*, 2017 WL 2116281, at *2 (E.D. Wis. May 15, 2017).

The problem with that testimony is that Myles gave his opinion as to whether she was truthful (or at least as to whether she appeared to be truthful). Under Wisconsin state law as discussed in *State v. Haseltine*, 352 N.W.2d 673 (Wisc. App. 1984), an expert witness may not give testimony regarding the truthfulness of another witness. In the direct appeal, however, the Wisconsin Court of Appeals held that counsel was not deficient because the detective's testimony was admissible under *Haseltine*. The court held that Myles was not vouching for E.M.'s veracity but rather was engaging in his standard evaluation of a complainant's report, and assessing whether there was a basis for filing a complaint and whether her account was sufficiently reliable to warrant further investigation. Accordingly, the court held that defense counsel was not deficient in failing to object as the testimony was admissible under Wisconsin evidentiary rules on that basis. That is a determination of state law by the state court and therefore is not subject to our review. See *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

We addressed an analogous situation in *Earls v. McCaughtry*, 379 F.3d 489 (7th Cir. 2004). In that case, Earls was convicted of sexual assault of a child, and brought a habeas action arguing ineffective assistance of counsel in his attorney's failure to object to testimony from the victim's family members regarding the victim's truthfulness as to the accusation. *Id*. at 491. The state statute allowed the introduction of reputation evidence after a witness's character for truthfulness had been attacked, but caselaw in the state had made clear that it allowed testimony relating to a witness's general reputation for truthfulness, not whether an individual was being truthful in a specific instance. *Id*. at 494–95. The Wisconsin Court of Appeals nevertheless held that the testimony by the victim's family members in Earls' case was admissible under that state statute. *Id*. at 495. On habeas review, we held that "[w]e view askance this holding by the State court. However, because it is not our place to second-guess state courts in interpreting state law we must find that the State court did not make an unreasonable application of *Strickland* when it found counsel's failure to object … did not constitute deficient performance." *Id*.; see also *Harper v. Brown*, 865 F.3d 857, 859 (7th Cir. 2017) (holding that a habeas petitioner's argument was really an attack on a state court's resolution of a question of state law embedded within its analysis of a *Strickland* claim, and that federal courts are not empowered to review such questions of state law under § 2254).

As in *Earls*, we will not second-guess the state court's determination that the testimony was admissible, and therefore the failure to object cannot be considered deficient. On that basis alone, Sennholz' claim of ineffective assistance in failing to object to Myles' testimony falls short of the AEDPA standard. Accordingly, the district court properly denied habeas relief as to that claim.

The only other claim of deficient performance relates to the failure to object at closing argument to statements made by the prosecutor. At the end of her rebuttal, the prosecutor stated:

> Smoke, mirrors. This is—this is what we do. This is what an attorney has to do when there's just nothing. There's nothing. And there is nothing. There's no defense here. He's guilty. And, again, in continuation of 26 years, he is trying to avoid responsibility for it some more. And I am begging you; don't let him get away with it another day longer.

Dist. Ct. Op. at 6.

The Wisconsin appellate court held that the statements that he was guilty and "begging" the jury to so find were not improper, but were merely comments on the substantial evidence. The court also held that the remarks did not so infect the trial with unfairness as to make the resulting conviction a denial of due process.

In this appeal, Sennholz argues that the prosecutor, in "begging" the jury not to let Sennholz get away with it any longer, vouched for the credibility of her witnesses and inserted her personal beliefs. He asserts that under *Darden v. Wainwright*, 477 U.S. 168, 181 (1986), the improper statements so infected the trial as to violate due process, and therefore that his counsel's failure to object to the statements constitutes deficient performance under the *Strickland* standard. As to prejudice, Sennholz argues that the Supreme Court has held that when a prosecutor improperly vouches for the credibility of a witness and the case is not otherwise strong, "prejudice to the cause of the accused is so highly probable that we are not justified in assuming its nonexistence." *Berger v. United States*, 295 U.S. 78, 89 (1935).

Because the Wisconsin appellate court addressed the issues of deficient performance and prejudice, we apply the deferential AEDPA standard to the issues. *Jordan v. Hepp*, 831 F.3d 837, 848 (7th Cir. 2016). The statement by the prosecutor, including "begging" the jury to convict, could be interpreted as a personal opinion and appeal to the jurors, but even assuming for purposes of this appeal that the failure to object was deficient performance, Sennholz has failed to establish prejudice under the

AEDPA standard. The challenged statement was brief and did not misstate the evidence or imply the existence of evidence of guilt that was not before the jury. The comment that there was nothing to the defense case and that it was "smoke and mirrors" was merely an argument that the jury should not be misled by the defense argument and should focus on evidence.  Therefore, the disputed portion of the comment was brief and minimal.  And contrary to Sennholz' contention, this is not a case in which the evidence was not otherwise strong. The State presented evidence of the assaults that went beyond the recollection of witnesses, including a note that E.M. wrote to her friend when E.M. was fourteen recounting the abuse, and the tape-recorded incriminating statement by Sennholz in which he appears to acknowledge the abuse and to apologize for it and claim that he was seeking help for his actions. The Wisconsin appellate court held that the statements were not improper, but also concluded that the remarks did not so infect the trial as to render the conviction a violation of due process. As we stated earlier, under the AEDPA "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105; *Makiel*, 782 F.3d at 897.  We cannot conclude that there is no reasonable basis for the state court to find that there is no prejudice to Sennholz from the brief statement in closing argument.  Accordingly, Sennholz has failed to demonstrate that defense counsel rendered ineffective assistance.

The decision of the district court denying the petition for habeas corpus is AFFIRMED.