Keith Allen HEGG, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 89S00-8609-CR-855.

Supreme Court of Indiana.

Nov. 6, 1987.

Terrance W. Richmond, Milan, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Keith Allen Hegg was found guilty by a jury in the Wayne Circuit Court of robbery, a class C felony, and was also found to be an habitual offender. The trial court sentenced him to a term of five (5) years for the robbery enhanced by thirty (30) years for the habitual finding for a total term of thirty-five (35) years.

Four issues are presented for our consideration in this direct appeal:

1. error in allowing identification testimony at trial;
2. error in giving an instruction on flight;
3. sufficiency of the evidence; and
4. error in allowing the State to amend the information alleging Defendant was an habitual offender.

On January 1, 1985 victim Benny E. Crawford was drinking in the Sundowner Bar. Appellant Hegg and Garry Cosby sat

down on either side of the victim, who bought them at least one drink. Subsequently the three left together, supposedly to go to another bar. While going through an alley en route to the other bar, Hegg suggested to Cosby that they take the victim's money. Hegg grabbed the victim from behind while the co-defendant grabbed him from the front. Hegg then removed the victim's wallet and the two ran away. There was conflict as to what money, if any, was in the victim's billfold. He claimed to have had from sixty ($60) to one-hundred ($100) dollars but Cosby testified that Hegg gave him only twenty ($20) as his share of the amount taken from the wallet.

## I

■ Hegg claims the trial court erred by permitting State's witness Sharon Hackworth to identify him in court. He cites to us the principle that an in-court identification of the accused is impermissible when it is tainted by an unduly suggestive pretrial confrontation unless it can be shown that a factual basis for the identification exists independent of the pretrial confrontation. *Bundy v. State* (1981), Ind., 427 N.E.2d 1077. Our courts have sought to eliminate the admission of identification testimony predicated on suggestive and/or prosecutorial identification procedures. *Robertson v. State* (1981), Ind., 429 N.E.2d 258, 259–60. We agree with Hegg's analysis of the law on this subject but find the facts do not support his contention that there was an unduly suggestive pretrial confrontation involving this witness.

Sharon Hackworth was a bartender at the Sundowner disco on the night in question. Shortly after the robbery police showed her two photo lineups, one of which contained a picture of Hegg. She was unable to make an identification at that time. Photo number 8 was Hegg's picture but Hackworth could not be certain he was either of the persons she saw leave with the victim that night. She was unable to say any of the persons in the photo array were in the Sundowner that night. On the day of trial, over a year later, Hackworth was brought to testify by the prosecuting

attorney. As she looked into the waiting room, she saw Hegg sitting there and immediately recognized him as one of the persons she saw in the Sundowner on the night in question. She immediately communicated this recognition to the prosecuting attorney. She testified she did not know Hegg by name, that he was not handcuffed, and she did not notice a deputy sheriff sitting next to him. Hackworth was not aware he was one of the persons on trial, but immediately recognized Hegg when she saw him. She said her recognition of Hegg did not follow any suggestion or urging by anyone and that she was surprised she was able to recognize him at that point. Thus, the witness's ability to identify Hegg was a matter of credibility and went to the weight of her testimony and not its admissibility. The trial court did not err in allowing this testimony.

## II

■ Hegg complains the trial court erred in giving an instruction on flight. The instruction read:

The flight of a person immediately after the commission of a crime is not evidence of guilt. However, it is evidence of consciousness of guilt.

The instruction stated the law correctly. *Manna v. State* (1982), Ind., 440 N.E.2d 473, 475. Hegg objected to this instruction at trial, claiming it was irrelevant because the issue was whether the crime had even been committed. He now claims the instruction was improper because there was no evidence of flight. At trial, defense counsel questioned the victim's credibility as to whether he was robbed at all since there was a great deal of conflict regarding the amount of money he carried, and there was evidence he was intoxicated when he left the bar. The victim testified, however, that Cosby held him while Hegg grabbed his billfold and ran from the scene with it. Co-defendant Cosby entered into a plea bargain with the State and also testified at trial. He stated it was Hegg's suggestion that precipitated the robbery. He testified Hegg grabbed the billfold and ran down the alley. After the robbery, Cosby followed the route taken by Hegg and found him behind a nearby garage. At that time

Hegg gave Cosby twenty ($20) dollars. In view of this evidence the trial court did not err in giving the flight instruction.

### III

■ Hegg next contends the State failed to produce sufficient evidence of probative value to support the jury's verdict. He attacks the credibility of the victim and accomplice. However, the testimony of these two witnesses was basically corroborative. Though there were inconsistencies, their effect was to be determined by the trier of fact. The testimony of these two witnesses, plus all of the other evidence, presented ample evidence to support the jury's verdict. Where sufficiency of the evidence is challenged on appeal, this court looks only to evidence most favorable to the State and all reasonable inferences drawn therefrom. If the existence of each element of the offense is supported by substantive evidence of probative value, we will affirm the trial court's judgment. We will not reweigh conflicting evidence nor judge credibility of witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672; *Heaton v. State* (1985), Ind., 483 N.E.2d 58, 59. There is no ground for our review of the trial court's finding.

### IV

Finally, Hegg urges the trial court erred in allowing the State to amend its information during the trial to allege he was an habitual offender.

The information alleging Hegg committed the robbery was filed on March 12, 1985 and on that same day an additional sheet was filed alleging Appellant committed two previous felonies. One of the two prior felonies was described as having been reduced to a conviction on June 21, 1984 in Wayne Circuit Court, Cause No. C–83–1204–CR against Keith Allen Hegg. The conviction was for theft, a class D felony, with a sentence of four (4) years, two (2) suspended. Hegg was found guilty of robbery in the instant cause on February 19, 1986. On February 20, 1986, a continuance was granted because defense counsel had been injured in an auto accident. On that day the State moved to amend the allegation of habitual offender status to the alle-

gation enumerated above. The amended allegation changed "theft" to "receiving stolen property." After a hearing on March 17, 1986, the State's Motion to Amend was granted.

■ As a general rule any information may be amended at any time before, during, or after trial as long as the amendment does not prejudice the substantial rights of the defendant. *Howard v. State* (1978), 268 Ind. 589, 377 N.E.2d 628, 629, *cert. denied* 439 U.S. 1049, 99 S.Ct. 72, 58 L.Ed.2d 708. However, an accused has the constitutional right to have notice and an opportunity to be heard regarding a charge. *Barnett v. State* (1981), Ind., 429 N.E.2d 625, 626. The State contends the amendment was permissible under Ind. Code § 35–34–1–5(c) (Burns 1985). In *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1305, an amendment was deemed not to have prejudiced the defendant in that he had such advance notice that he had adequate time to prepare a defense. In *Lahrman v. State* (1984), Ind.App., 465 N.E.2d 1162, 1166, the Court of Appeals found it was proper to permit the State to amend the information on the day of trial where the only change was the designation of the type of explosive alleged to have been used in the crime.

■ Here a full hearing was conducted; thus, Hegg received his opportunity to be heard. Additionally, it is clear he had ample time to prepare. The motion to amend was filed nearly a month before the hearing and trial. Hegg acknowledged that if the amendment was granted no continuance would be needed. He also acknowledged the only change was in the crime charged. Copies of the conviction were provided to Hegg's attorney prior to the trial on the robbery charge. The amendment did not affect Hegg's substantial rights, and therefore the trial court did not err by permitting it. IC § 35–34–1–5(c).

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN, and DICKSON, JJ., concur.