In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 17-2606

DAVID M. JONES,

*Petitioner-Appellant*,

*v.*

DUSHAN ZATECKY, Warden,
Pendleton Correctional Facility,

*Respondent-Appellee*.

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cv-1393-RLY-DML — **Richard L. Young**, *Judge*.

———————————

ARGUED NOVEMBER 1, 2018 — DECIDED FEBRUARY 28, 2019

———————————

Before WOOD, *Chief Judge*, and MANION and ROVNER, *Circuit Judges*.

WOOD, *Chief Judge*. At the time of David Jones's arrest and prosecution in 2005, Ind. Code § 35-34-1-5 (1982) identified an "omnibus date" and allowed prosecutors to make substantive amendments to pending charges only up to 30 days

before the omnibus date.[1] Seven years earlier, in a case called *Haak v. State*, 695 N.E.2d 944, 951 (Ind. 1998), the Indiana Supreme Court had confirmed the strict nature of this deadline. Disregarding this rule, in Jones's case the state moved nine days *after* the omnibus date to amend the charging instrument to add a new and highly consequential charge of criminal confinement. Jones's attorney did not object to this untimely amendment, and Jones was ultimately convicted of the confinement charge.

According to the state, there is nothing unique about Jones's case. It tells us that defense attorneys around Indiana routinely ignored both the clear text of the statute and the *Haak* decision and allowed prosecutors to make untimely amendments. If that is an accurate account, it is hardly reassuring. For a lawyer to fail to take advantage of a clear avenue of relief for her client is no less concerning because many others made the same error—if anything, it is more so.

We have seen this problem before. See *Shaw v. Wilson*, 721 F.3d 908, 911 (7th Cir. 2013). We held in *Shaw* that following the crowd is no excuse for depriving a criminal defendant of his constitutional right to the effective assistance of counsel. *Id.* at 917. We accordingly held that Shaw was entitled to the issuance of a writ of habeas corpus under 28 U.S.C. § 2254, based on his attorney's failure to object to an untimely amendment to his charges under the same Indiana law now

---

[1] Indiana amended this statute four months after the Indiana Supreme Court applied it in *Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007). See Act of May 8, 2007, P.L. 178-2007 § 1, 2007 Ind. Legis. Serv. (West) (codified as amended at Ind. Code § 35-34-1-5 (2014)). The amendment is not retroactive and thus has no effect on Jones's case.

before us. *Id.* at 910. We conclude that Jones is entitled to the same relief.

## I

Jones was convicted of crimes tied to two incidents of domestic violence in 2005. In the first, he attacked his partner and was charged with battery; in the second, he threatened her and was charged (under a separate docket number) with intimidation and being a habitual offender. The trial court set a joint omnibus date for both cases of October 18, 2005. Nine days after that date, the state moved to amend the information in the battery case to add a charge of criminal confinement. (We refer to this as the First Amendment.) As we noted, Jones's attorney let this pass without objection, and the court granted the state's motion without a hearing. Then in January 2006, the state moved to amend the charge in the intimidation case to add the language "or engage in conduct against her will." (This is the Second Amendment.) A few months later Jones's new attorney filed a motion to dismiss the amended information in the intimidation case, but the trial court denied the motion.

The cases were consolidated for trial, by which time Jones had yet another attorney. On the first day of trial, the state moved to amend the information for the criminal-confinement charge (*i.e.* the battery case) again, this time to add the language "and/or extreme pain." Jones's attorney objected, but the court overruled him and allowed the amendment. (This was the Third Amendment.) The jury found Jones guilty of all three charges (battery, criminal confinement, and intimidation). He was sentenced to concurrent terms of 20 years for criminal confinement, enhanced by 25 years for being a habitual offender; eight years for battery resulting in

serious bodily injury; and three years for intimidation. Later the trial court on its own motion reduced the battery conviction to a class B misdemeanor and reduced that sentence to six months because of double-jeopardy concerns.

On direct review, Jones argued that the trial court erred when it allowed the First Amendment in violation of Ind. Code § 35-34-1-5. The Indiana Court of Appeals rejected that argument on waiver grounds, because of counsel's failure to object. *Jones v. State*, 876 N.E.2d 389, 2007 WL 3287457, at *4 (Ind. Ct. App. 2007) (unpublished table decision) (*Jones I*), transfer denied, 891 N.E.2d 35 (Ind. 2008). His state-court petition for post-conviction relief was also unsuccessful. *Jones v. State*, 46 N.E.3d 501, 2016 WL 359276, at *2–3 (Ind. Ct. App. 2016) (*Jones II*) (unpublished table decision), transfer denied, 49 N.E.3d 107 (Ind. 2016).

After exhausting his state-court remedies, Jones filed a *pro se* habeas corpus petition in federal court under 28 U.S.C. § 2254. In it, he argues that his first lawyer's failure to object to the untimely First Amendment amounted to ineffective assistance of counsel, and that the failure of the state courts to grant him relief on that ground "involved an unreasonable application of … clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). We review the district court's decision to deny a petition under section 2254 *de novo*, but the standard we apply is one under which relief is possible only if the state court's determination was objectively unreasonable. *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017) (great deference is due to state-court determination, and standard for granting relief under section 2254 is meant to be a difficult one); *McNary v. Lemke*, 708 F.3d 905, 914 (7th Cir. 2013).

The district court denied Jones's petition and dismissed his case with prejudice. It also denied a certificate of appealability, but we issued one based on *Shaw*. Before this court (now represented by recruited counsel, whom we thank), Jones argues only that his attorney's failure to object to the First Amendment, which added the criminal-confinement charge that accounts for the lion's share of his sentence, violated his Sixth Amendment right to effective assistance of counsel.

## II

The version of Ind. Code § 35-34-1-5 in effect during Jones's prosecution forbade amendments of substance after 30 days *before* the omnibus date. In *Haak*, Indiana's highest court held that untimely amendments were "impermissible" if they were amendments of "substance," and that the other procedures in Indiana law allowing prosecutors to make post-omnibus amendments applied only to amendments of "form." *Id.* Shortly after Jones's conviction, another defendant who did object to an untimely amendment had his conviction reversed by the Indiana Supreme Court in *Fajardo v. State*, 859 N.E.2d 1201, 1202 (Ind. 2007). Jones argues, in essence, that his case should have been *Fajardo*, and would have been if counsel had lodged a timely objection.[2]

---

[2] The fact that the defendant in *Fajardo* won the reversal of his conviction on the improperly added charge and resentencing persuades us that this is not simply a matter of paper-shuffling for Jones. The Indiana Supreme Court unanimously disposed of *Fajardo* as follows: "Because the trial court's sentencing determination for Count 1 may have been substantially affected by the sentence determination for Count 2, we remand to the trial court for a new sentencing determination." 859 N.E.2d at 1209.

Counsel's failure to do so, he contends, was both defective performance and highly prejudicial.

A Sixth Amendment claim of ineffectiveness of counsel can be predicated on an attorney's failure to raise a state-law issue in a state-court proceeding. *McNary*, 708 F.3d at 920. We look to state law in our evaluation of such a claim. *George v. Smith*, 586 F.3d 479, 483–84 (7th Cir. 2009). This focus on state law does not prevent us from considering the attorney's failure to raise an obvious argument. *McNary*, 708 F.3d at 920. That is because we are assessing counsel's performance, and that assessment proceeds against the backdrop of whatever the state says its law is. We then apply the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), to determine whether counsel's assistance met constitutional standards. That requires us to determine whether counsel's actions fell below the constitutional minimum and whether there is a reasonable probability that, but for counsel's errors, the outcome would have been different. *Id*. at 689.

*Shaw* presented almost the identical situation for our review. 721 F.3d at 910. At the time of Shaw's conviction, the same Indiana law was in effect, and the state similarly amended the information to add a more serious charge against Shaw after his omnibus date had passed. Shaw's trial counsel objected to the amendment, but the trial court ruled against him. Shaw's appellate attorney declined to pursue this point on appeal, choosing instead to make a near-frivolous argument about the sufficiency of the evidence. *Id.* at 912.

---

Had Jones's attorney rendered adequate assistance, he would have been entitled to the same treatment.

When *Shaw* reached this court, the state made the same arguments against a finding of ineffective assistance of counsel that it is making in Jones's case. We were not persuaded. We found irrelevant the fact that no Indiana appellate court had previously invalidated an untimely amendment at the time of Shaw's conviction—for all we knew, the trial courts were policing this rule on their own. There could be no doubt, we thought, that the combination of the terms of the statute and *Haak* made this argument available for responsible counsel. *Id.* at 916. We also rejected the state's attempt to portray the facts as unfairly requiring counsel to predict a change in the law, for the simple reason that nothing had changed. *Id.* at 916–17. And we held that the possibility of additional time to prepare for trial did not alleviate any potential prejudice, since dismissal was a real possibility under existing law. *Id.* at 918.

Jones, like Shaw, had a strong argument for dismissing one of the charges against him, yet his trial attorney did not pursue it. The state suggests that *Haak* was widely ignored by defense counsel, but we have no hard data to back up that impression. We are loath to say that an attorney's failure to heed the specific direction of the Indiana Supreme Court and the plain text of Indiana law is excusable. To the contrary, that action falls "outside the wide range of professionally competent assistance" required by the Sixth Amendment. *Strickland*, 466 U.S. at 690. As in *Shaw*, this feature of Indiana law created a real opportunity for Jones's defense, but counsel let it slip away. *Fajardo* and its aftermath show that this opportunity did not dissipate until years after Jones's trial. We conclude that this was one of those rare cases in which "counsel's performance fell below the constitutional minimum, and that the Indiana appellate court's conclusion

otherwise was an unreasonable application of Supreme Court precedent." *Shaw*, 721 F.3d at 915.[3]

That leaves the question of prejudice. The facts here speak for themselves on that point. It is easy to find a reasonable probability that counsel's error prejudiced Jones. As we noted in *Shaw*:

---

[3] The dissent suggests that we are giving inadequate deference to the state court's decision in Jones's own case. We respectfully disagree. Limited though our role in habeas corpus cases may be, it is not meaningless. While the bar for a successful claim pursuant to 28 U.S.C. § 2254 is high and issuance of the writ is rare, some cases clear those hurdles, and we are not free to read the statute out of the books. The Supreme Court on a significant number of occasions post-AEPDA has held a state prisoner was entitled to habeas corpus relief under 28 U.S.C. § 2254(d)(1) because the state court's decision was contrary to, or involved an unreasonable application of, clearly established law. See *Williams v. Taylor*, 529 U.S. 362 (2000) (right to effective assistance of counsel as required by *Strickland*, 466 U.S. 668); *Wiggins v. Smith*, 539 U.S. 510 (2003) (right to effective assistance of counsel as required by *Strickland*, 466 U.S. 668); *Rompilla v. Beard*, 545 U.S. 374 (2005) (right to effective assistance of counsel as required by *Strickland*, 466 U.S. 668); *Abdul-Kabir v. Quarterman*, 550 U.S. 233 (2007) (right to present mitigation evidence to sentencing jury as required by *Penry v. Lynaugh*, 492 U.S. 302 (1989)); *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) (right to present arguments showing incompetency to be executed, as required by *Ford v. Wainwright*, 477 U.S. 399 (1986)); *Brewer v. Quarterman*, 550 U.S. 286 (2007) (right to present mitigation evidence to sentencing jury as required by *Penry*, 492 U.S. 302); *Lafler v. Cooper*, 566 U.S. 156, 173 (2012) (right to effective assistance of counsel as required by *Strickland*, 466 U.S. 668); *McWilliams v. Dunn*, 137 S. Ct. 1790 (2017) (right to mental health expert as required by *Ake v. Oklahoma*, 470 U.S. 68 (1985)). These cases show that each case must be assessed on its own, and that we continue to have the duty to correct a misapplication of clearly established federal law when that error meets the statutory standards.

Prejudice exists, however, if counsel bypassed a non-frivolous argument that, if successful, would have resulted in the vacation of Shaw's conviction (just as the conviction in *Fajardo* later was). If one is entitled to a dismissal, a continuance is no comfort. And when evaluating prejudice, unlike when evaluating attorney performance, hindsight is permissible. ... This means that the Indiana Supreme Court's ultimate decision in *Fajardo* is relevant to whether the argument [the lawyer] jettisoned was both nonfrivolous and stronger than the sufficiency argument he presented.

*Id.* at 918. Hindsight in Jones's case tells us that his attorney's silence doomed his appeal. On direct appeal, the Indiana Court of Appeals agreed that the First Amendment "was made in violation of Indiana Code Section 35-34-1-5(b)." *Jones I*, 2007 WL 3287457, at *3. In other words, what killed the argument in that court was waiver, not lack of merit. As the court put it, "[Jones] did not object to the amendment on the same grounds to the trial court … [and thus] [t]he issue is waived." *Id.* at *3–4.

Indiana's efforts to distinguish *Shaw* fall flat. Jones's case does not require us to resolve any question of state law; it demands only the application of the state's statutes, as interpreted by Indiana's highest court. When addressing Jones's lawyer's failure to object to the untimely substantive amendment, we need ask only whether raising the issue "had a better than fighting chance at the time." *Shaw*, 721 F.3d at 916. It did. As we said in *Shaw*, "a competent lawyer in Indiana should have recognized that there was a state statute under which relief for his client was possible and would have pursued that theory." *Id.* at 914.

### III

Adhering to *Shaw*, we thus VACATE the district court's decision to deny Jones's petition for a writ of habeas corpus and REMAND with instructions to issue the writ within 120 days with respect to his conviction for criminal confinement only and to make any necessary adjustments in his sentence on the two unchallenged counts of conviction.

MANION, *Circuit Judge*, dissenting. The ultimate question in this case is whether the Indiana Court of Appeals unreasonably applied federal law when it determined David Jones's counsel was not ineffective for failing to make a motion that approximately twenty years of Indiana case law told him would not be successful. The court says it was unreasonable. I disagree. While a reasonable person could find "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland v. Washington*, 466 U.S. 668, 687 (1984), "fairminded jurists could disagree" whether that is the only reasonable conclusion, *see Harrington v. Richter*, 562 U.S. 86, 102 (2011). Accordingly, I respectfully dissent.

This case concerns a petition for a writ of habeas corpus brought by an Indiana prisoner, so we apply the highly deferential standard of the Anti-Terrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2254(d). Under that standard, we ask only if the last state court to adjudicate the prisoner's claim rendered "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or…that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*

Here, the question is whether the Indiana Court of Appeals unreasonably applied the rule from *Strickland*, which is "the Supreme Court's clearly established precedent" concerning ineffective assistance of counsel. *Weaver v. Nicholson*, 892 F.3d 878, 884 (7th Cir. 2018). Critically, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington*, 562 U.S. at 101 (quoting *Williams*

*v. Taylor*, 529 U.S. 362, 410 (2000)). In the realm of ineffective assistance, this means that a federal court should not grant a writ of habeas corpus even if "the state-court decision may be contrary to the federal court's conception of how *Strickland* ought to be applied in that particular case" so long as "the decision is not 'mutually opposed' to *Strickland* itself." *Williams*, 529 U.S. at 406. The state court must have reached a decision "lying well outside the boundaries of permissible differences of opinion," not just one with which the federal court disagrees. *Burgess v. Watters*, 467 F.3d 676, 681 (7th Cir. 2006) (quoting *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)). With those guiding principles in mind, the facts of this case compel the conclusion the Indiana Court of Appeals' decision may have been incorrect, but it was not unreasonable.

At the time of Jones's prosecution, the state of Indiana law concerning the amendment of charging documents was confused. The Indiana Code plainly allowed substantive amendments in felony cases to be made only "up to…thirty (30) days…before the omnibus date," I.C. § 35-34-1-5(b) (1982), and the Indiana Supreme Court had affirmed as much in *Haak v. State*, 695 N.E.2d 944, 951 (Ind. 1998) ("Pursuant to subsection (b), [amendments of substance]…may not occur after specified times in advance of the omnibus date."). But at the same time, the Indiana Court of Appeals consistently rendered decisions allowing late substantive amendments to charging instruments so long as the defendant had adequate time to prepare for trial. *See, e.g.*, *Laughner v. State*, 769 N.E.2d 1147, 1158 (Ind. Ct. App. 2002) (declining to address whether an amendment was substantive because, "[a]s a general rule any information may be amended at any time before, during, or after trial as long as the amendment does not prejudice the substantial rights of the defendant" (alteration in original)

(quoting *Hegg v. State*, 514 N.E.2d 1061, 1063 (Ind. 1987))); *see also Hurst v. State,* 890 N.E.2d 88, 95 (Ind. Ct. App. 2008) ("For over twenty years…case law regularly permitted amendments related to matters of substance as long as the substantial rights of the defendant were not prejudiced, regardless of whether the amendments were untimely under I.C. § 35-34-1-5(b)."). The Supreme Court of Indiana likewise blurred the picture. *See Fajardo v. State*, 859 N.E.2d 1201, 1206–07 (Ind. 2007) (collecting cases and noting "[t]he methodology employed in the cases identified…does not comply with Indiana Code § 35-34-1-5").

Given this state of affairs, the Indiana Court of Appeals concluded Jones's counsel was not constitutionally deficient for failing to move to dismiss the untimely amendment. Jones had over ten months before trial, so the amendment did not prejudice the preparation of his defense. No Indiana appellate court had *ever* disallowed an amendment to a charging instrument under those circumstances. Therefore, the court concluded a reasonable practitioner could make a tactical decision not to pursue a motion to dismiss when the case law told him it would fail. That was not *unreasonable*.[1]

---

[1] I take issue with the court's portrayal of the state's argument on this point. The court's opinion says, "[The state] tells us that defense attorneys around Indiana routinely ignored both the clear text of the statute and the *Haak* decision and allowed prosecutors to make untimely amendments." Maj. Op. at 2. What the state actually argued was that reasonable attorneys would pay attention to and follow decisions coming from the appellate court. Indeed, it is not even the case that no lawyers were making these challenges. *Shaw v. Wilson*, 721 F.3d 908, 916 (7th Cir. 2013) (commenting "that dozens of similar (*though unsuccessful*) challenges were documented in published opinions" (emphasis added)).

This court's decision in *Shaw v. Wilson*, 721 F.3d 908 (7th Cir. 2013), which also addressed this confusion in Indiana law, is distinguishable. There, the defendant claimed his appellate counsel was ineffective for failing to raise the timeliness issue on appeal. This court agreed, concluding counsel should have made the argument because it was the best one available to him, even if the case law was against him. But key to that case is the fact that, under Indiana law, appellate counsel *had* to make an argument—Indiana did not allow him to file an *Anders*-style, "motion to withdraw" brief. *Shaw*, 721 F.3d at 915 ("[I]n Indiana appellate attorneys must 'submit an ordinary appellate brief…no matter how frivolous counsel regards the claims to be.'" (second alteration in original) (citation omitted) (quoting *Mosley v. State*, 908 N.E.2d 599, 608 (Ind. 2009))); *see also Anders v. California*, 386 U.S. 738 (1967). Because of Indiana's "file something" rule, it did not matter how successful appellate counsel thought the claim might be; he was legally bound to make the best argument he could, even if that argument was (ultimately) a loser. In this case, Jones's trial counsel was not operating under that same constraint, so the situations are not the same. I would not extend *Shaw*'s reasoning to the scenario here.

I have my misgivings about the Indiana Court of Appeals' decision in this case. But, like Judge Barrett in her recent dissent in *Sims v. Hyatte*, "I can't say that the Indiana Court of Appeals' decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" 914 F.3d 1078, 1099 (7th Cir. 2019) (Barrett, J., dissenting) (quoting *Harrington*, 562 U.S. at 103). Therefore, I respectfully dissent.