Manion, Circuit Judge, dissenting.
The ultimate question in this case is whether the Indiana Court of Appeals unreasonably applied federal law when it determined David Jones's counsel was not ineffective for failing to make a motion that approximately twenty years of Indiana case law told him would not be successful. The court says it was unreasonable. I disagree. While a reasonable person could find "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment," Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "fairminded jurists could disagree" whether that is the only reasonable conclusion, see Harrington v. Richter , 562 U.S. 86, 102, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Accordingly, I respectfully dissent.
This case concerns a petition for a writ of habeas corpus brought by an Indiana prisoner, so we apply the highly deferential standard of the Anti-Terrorism and Effective Death Penalty Act. See 28 U.S.C. § 2254(d). Under that standard, we ask only if the last state court to adjudicate the prisoner's claim rendered "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."Id.
Here, the question is whether the Indiana Court of Appeals unreasonably applied the rule from Strickland , which is "the Supreme Court's clearly established precedent" concerning ineffective assistance of counsel. Weaver v. Nicholson , 892 F.3d 878, 884 (7th Cir. 2018). Critically, "an unreasonable application of federal law is different from an incorrect application of federal law." Harrington , 562 U.S. at 101, 131 S.Ct. 770 (quoting Williamsv. Taylor , 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ). In the realm of ineffective assistance, this means that a federal court should not grant a writ of habeas corpus even if "the state-court decision may be contrary to the federal court's conception of how Strickland ought to be applied in that particular case" so long as "the decision is not 'mutually opposed' to Strickland itself." Williams , 529 U.S. at 406, 120 S.Ct. 1495. The state court must have reached a decision "lying well outside the boundaries of permissible differences of opinion," not just one with which the federal court disagrees. Burgess v. Watters , 467 F.3d 676, 681 (7th Cir. 2006) (quoting Hardaway v. Young , 302 F.3d 757, 762 (7th Cir. 2002) ). With those guiding principles in mind, the facts of this case compel the conclusion the Indiana Court of Appeals' decision may have been incorrect, but it was not unreasonable.
At the time of Jones's prosecution, the state of Indiana law concerning the amendment of charging documents was confused. The Indiana Code plainly allowed substantive amendments in felony cases to be made only "up to ... thirty (30) days ... before the omnibus date," I.C. § 35-34-1-5(b) (1982), and the Indiana Supreme Court had affirmed as much in Haak v. State , 695 N.E.2d 944, 951 (Ind. 1998) ("Pursuant to subsection (b), [amendments of substance] ... may not occur after specified times in advance of the omnibus date."). But at the same time, the Indiana Court of Appeals consistently rendered decisions allowing late substantive amendments to charging instruments so long as the defendant had adequate *585 time to prepare for trial. See, e.g. , Laughner v. State , 769 N.E.2d 1147, 1158 (Ind. Ct. App. 2002) (declining to address whether an amendment was substantive because, "[a]s a general rule any information may be amended at any time before, during, or after trial as long as the amendment does not prejudice the substantial rights of the defendant" (alteration in original) (quoting Hegg v. State , 514 N.E.2d 1061, 1063 (Ind. 1987) )); see also Hurst v. State , 890 N.E.2d 88, 95 (Ind. Ct. App. 2008) ("For over twenty years ... case law regularly permitted amendments related to matters of substance as long as the substantial rights of the defendant were not prejudiced, regardless of whether the amendments were untimely under I.C. § 35-34-1-5(b)."). The Supreme Court of Indiana likewise blurred the picture. See Fajardo v. State , 859 N.E.2d 1201, 1206-07 (Ind. 2007) (collecting cases and noting "[t]he methodology employed in the cases identified ... does not comply with Indiana Code § 35-34-1-5").
Given this state of affairs, the Indiana Court of Appeals concluded Jones's counsel was not constitutionally deficient for failing to move to dismiss the untimely amendment. Jones had over ten months before trial, so the amendment did not prejudice the preparation of his defense. No Indiana appellate court had ever disallowed an amendment to a charging instrument under those circumstances. Therefore, the court concluded a reasonable practitioner could make a tactical decision not to pursue a motion to dismiss when the case law told him it would fail. That was not unreasonable.[1]
This court's decision in Shaw v. Wilson , 721 F.3d 908 (7th Cir. 2013), which also addressed this confusion in Indiana law, is distinguishable. There, the defendant claimed his appellate counsel was ineffective for failing to raise the timeliness issue on appeal. This court agreed, concluding counsel should have made the argument because it was the best one available to him, even if the case law was against him. But key to that case is the fact that, under Indiana law, appellate counsel had to make an argument-Indiana did not allow him to file an Anders -style, "motion to withdraw" brief. Shaw , 721 F.3d at 915 ("[I]n Indiana appellate attorneys must 'submit an ordinary appellate brief ... no matter how frivolous counsel regards the claims to be.' " (second alteration in original) (citation omitted) (quoting Mosley v. State , 908 N.E.2d 599, 608 (Ind. 2009) )); see also Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because of Indiana's "file something" rule, it did not matter how successful appellate counsel thought the claim might be; he was legally bound to make the best argument he could, even if that argument was (ultimately) a loser. In this case, Jones's trial counsel was not operating under that same constraint, so the situations are not the same. I would not extend Shaw 's reasoning to the scenario here.
I have my misgivings about the Indiana Court of Appeals' decision in this case. But, like Judge Barrett in her recent dissent in Sims v. Hyatte , "I can't say that *586 the Indiana Court of Appeals' decision was 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.' " 914 F.3d 1078, 1099 (7th Cir. 2019) (Barrett, J., dissenting) (quoting Harrington , 562 U.S. at 103, 131 S.Ct. 770 ). Therefore, I respectfully dissent.

I take issue with the court's portrayal of the state's argument on this point. The court's opinion says, "[The state] tells us that defense attorneys around Indiana routinely ignored both the clear text of the statute and the Haak decision and allowed prosecutors to make untimely amendments." Maj. Op. at 580. What the state actually argued was that reasonable attorneys would pay attention to and follow decisions coming from the appellate court. Indeed, it is not even the case that no lawyers were making these challenges. Shaw v. Wilson , 721 F.3d 908, 916 (7th Cir. 2013) (commenting "that dozens of similar (though unsuccessful ) challenges were documented in published opinions" (emphasis added)).