In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 18-3145 & 18-3153

JOHN W. KIMBROUGH,

*Petitioner-Appellee/*
*Cross-Appellant,*

*v.*

RON NEAL,

*Respondent-Appellant/*
*Cross-Appellee.*

_____

Appeals from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cv-1729 — **William T. Lawrence**, *Judge.*

_____

ARGUED SEPTEMBER 10, 2019 — DECIDED OCTOBER 24, 2019

_____

Before WOOD, *Chief Judge*, and KANNE and BRENNAN,
*Circuit Judges*.

BRENNAN, *Circuit Judge*. John Kimbrough was convicted in
Indiana state court of molesting two young girls on multiple
occasions. The trial court sentenced Kimbrough to 80 years in
prison, which was ultimately affirmed on appeal. Kimbrough
sought post-conviction relief based on ineffective assistance

of appellate counsel. Specifically, Kimbrough cited his attorney's failure to object to his 80-year sentence under Indiana Appellate Rule 7(B), which allows an appellate court to revise an inappropriate sentence.

The Indiana Court of Appeals rejected Kimbrough's ineffective assistance claim, concluding as a matter of state law that he was not entitled to relief. The district court disagreed and granted Kimbrough's petition for a writ of habeas corpus. Because a federal court considering a habeas petition under 28 U.S.C. § 2254(d) cannot disagree with a state court's resolution of a state law issue, we reverse.

## I.    BACKGROUND

Kimbrough dated the mother of a five-year-old daughter, a seven-year-old daughter, and a son with cerebral palsy. Eventually, the daughters revealed Kimbrough had molested them for nearly two years. The State of Indiana charged Kimbrough with four counts of child molestation. The jury found Kimbrough guilty on all counts. Kimbrough was sentenced to 40 years on each count. Counts I and II were ordered to be served concurrently. Counts III and IV were also ordered to be served concurrently but consecutive to Counts I and II, for a total of 80 years. When imposing the sentence, the state judge considered the nature of Kimbrough's conduct, his lack of criminal history, and Kimbrough's abuse of a position of trust.

On direct appeal, Kimbrough argued the evidence was insufficient to sustain his conviction, the trial court's jury instructions were erroneous, and the trial court abused its discretion in imposing the 80-year sentence. Notably, Kimbrough's appellate counsel never challenged his sentence

under Indiana Appellate Rule 7(B), which allows the court to "revise a sentence [if] the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." IND. APP. R. 7(B). Although the Indiana Court of Appeals rejected some of his arguments, a split panel did sua sponte reduce his sentence to 40 years under Rule 7(B).[1] *Kimbrough v. State*, 2012 WL 983147, at *5 (Ind. Ct. App. Mar. 21, 2012) ("*Kimbrough I*"). The Indiana Supreme Court vacated *Kimbrough I*, holding Rule 7(B) should not have been invoked sua sponte. *Kimbrough v. State*, 979 N.E.2d 625, 629–30 (Ind. 2012) ("*Kimbrough II*").

Kimbrough then sought post-conviction relief in the Indiana trial court, arguing his appellate counsel was ineffective for failing to challenge the 80-year sentence under Rule 7(B). The trial court denied his request, as did the Indiana Court of Appeals, which concluded, "if the [*Kimbrough I*] majority had engaged in a full Rule 7(B) analysis with the benefit of argument and analysis from the State, it would not have found Kimbrough's sentence inappropriate." *Kimbrough v. State*, 2016 WL 112394, at *5 (Ind. Ct. App. Jan. 11, 2016) ("*Kimbrough III*"). In *Kimbrough III*, the court stated further: "Kimbrough has not established that there is a reasonable probability that, if appellate counsel had made a Rule 7(B) challenge, the result of the proceeding would have been different." *Id.* Because Kimbrough was not entitled to relief

---

[1] While the majority presumably rested its decision on Rule 7(B), it did not expressly cite that rule and reviewed the case for an abuse of discretion. The dissent considered the case as if it was decided under that rule, concluding that a Rule 7(B) argument should be rejected because Kimbrough was not entitled to a revision of his sentence given the nature of his crimes and his failure to assert the rule.

under Rule 7(B), he failed to establish prejudice. Kimbrough then petitioned for transfer to the Indiana Supreme Court. His petition was denied.

As a last resort, Kimbrough sought a writ of habeas corpus from the district court, arguing his appellate counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to challenge his sentence as inappropriate under Indiana Rule 7(B). To establish ineffective assistance of counsel under *Strickland*, a petitioner must show: (1) counsel rendered deficient performance that (2) prejudiced the petitioner. 466 U.S. at 687. Granting Kimbrough's petition, the district court found that the court in *Kimbrough III* unreasonably applied *Strickland* when it concluded Kimbrough was not prejudiced by counsel's performance. The district court compared the opposite conclusions in *Kimbrough I* and *Kimbrough III* and held that "[b]ecause two panels of the Indiana Court of Appeals utilized their discretion to reach opposite conclusions," Kimbrough necessarily had a reasonable probability of success on a Rule 7(B) argument and had satisfied *Strickland*'s prejudice prong. The state appealed.

## II.  DISCUSSION

The "pivotal question" here is whether the court in *Kimbrough III* unreasonably applied *Strickland*. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011). Because the Indiana Court of Appeals addressed whether Kimbrough has established prejudice, we must decide whether that state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(1). When a case falls under § 2254(d)(1), we review

the state court decision de novo to determine the legal question of whether the decision is contrary to clearly established federal law. *See Denny v. Gudmanson*, 252 F.3d 896, 900 (7th Cir. 2001); *see also Morris v. Bartow*, 832 F.3d 705, 709 (7th Cir. 2016) ("We review *de novo* the district court's treatment of legal issues, and we review findings of fact for clear error."). We consider the "last reasoned opinion on the claim," here the decision of the Indiana Court of Appeals in *Kimbrough III. See, e.g.*, *Woolley v. Rednour*, 702 F.3d 411, 421 (7th Cir. 2012). As the last reasoned opinion on the claim, *Kimbrough III* is entitled to AEDPA deference.

Because *Strickland* requires Kimbrough to show a reasonable probability that he would have obtained relief if his counsel had raised a Rule 7(B) argument, the Rule 7(B) inquiry underlies the *Strickland* analysis. Kimbrough must show the Indiana Court of Appeals decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. This is a "difficult" and "highly deferential" standard. *Id.* at 105.

Kimbrough argues the state court's decision in *Kimbrough III* unreasonably applied federal law. But the Indiana Court of Appeals decision was not based on federal law. It rests on the conclusion that, as a matter of state law, it would have been futile to contest the sentence's length on appeal because the 80-year sentence is not "inappropriate in light of the nature of the offense and the character of the offender." *Kimbrough III*, 2016 WL 112394, at *4–5. For federal habeas relief here under § 2254(d)(1), the state court's decision must be an unreasonable application of federal law—not a state court's resolution of a state law issue. *See, e.g.*, *Bradshaw v. Richey*, 546 U.S. 74, 76

(2005) ("We have repeatedly held that a state court's interpretation of state law … binds a federal court sitting in habeas corpus."); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016) ("A federal court cannot disagree with a state court's resolution of an issue of state law.").

This case is nearly identical to *Miller v. Zatecky*, which Kimbrough asks this court to overrule. In this case and *Miller*, the petitioner raised a *Strickland* claim due to appellate counsel's failure to raise an Indiana Rule 7(B) argument. In each case, the Indiana Court of Appeals rejected the claim because the petitioner failed to establish that his sentence was inappropriate under Rule 7(B) and would have been reduced if appellate counsel had raised the Rule 7(B) issue on direct appeal. *Compare Miller v. State*, 2013 WL 1210524, at *6 (Ind. Ct. App. Mar. 26, 2013), *with Kimbrough III*, 2016 WL 112394, at *5. Neither case was based on federal law. Like *Miller*, *Kimbrough III* "rests on a conclusion that, as a matter of state law, it would have been futile to contest the sentence's length on appeal, because a 120-year sentence [here, an 80-year sentence] is not 'inappropriate in light of the nature of the offense and the character of the offender.'" *Miller v. Zatecky*, 820 F.3d at 277. The Indiana Court of Appeals' conclusion that appellate review of Kimbrough's sentence would not have helped him as a matter of state law is "the sort of decision § 2254 leaves to the state judiciary." *Id. Miller* controls, and Kimbrough has not provided a compelling reason to overrule it.

Kimbrough argues *Miller* cannot coexist with *Shaw v. Wilson*, 721 F.3d 908 (7th Cir. 2013), and *Jones v. Zatecky*,

917 F.3d 578 (7th Cir. 2019). In those cases, this court granted habeas relief based on the attorneys' failure to object to untimely amendments to their charges under Indiana law. We were concerned with Indiana attorneys ignoring the clear text of the Indiana statute and allowing prosecutors to make untimely amendments. *Jones*, 917 F.3d at 580. That is not the situation here. Neither *Shaw* nor *Jones* reviewed a state law determination of the post-conviction court. *See Shaw*, 721 F.3d at 918 ("[W]e are not resolving any issue of state law."); *Jones*, 917 F.3d at 583 ("Jones's case does not require us to resolve any question of state law."). Indeed, *Shaw* and *Jones* confirm we are bound by the state court's resolution of a state law question. *See Shaw*, 721 F.3d at 914; *Jones*, 917 F.3d at 581–83. We find no conflict between these cases and decline to overrule *Miller*.

Kimbrough has not shown the Indiana Court of Appeals unreasonably applied federal law. Under the AEDPA's deferential standard, the court's decision in *Kimbrough III* was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

### III.   CONCLUSION

We REVERSE the district court's grant of Kimbrough's petition for a writ of habeas corpus.[2]

---

[2] Case No. 18-3153, Kimbrough's cross-appeal, challenges whether the district court properly granted habeas relief by issuing a conditional order requiring the State of Indiana to either release Kimbrough or grant him a new appeal. Because Kimbrough is not entitled to habeas relief, we decline to address his cross-appeal.